# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| TONY POTAPOWICZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 4:16-cv-01999-SGC |
| | ) | |
| GREGERSON MANAGEMENT | ) | |
| SERVICES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Tony Potapowicz, initiated this matter by filing a complaint on December 13, 2016. (Doc. 1). Potapowicz asserts claims for breach of contract and conversion under Alabama law, as well as a claim for violations of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq*., against his former employers. The parties have unanimously consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). (Doc. 11). Presently pending is the defendants' motion to dismiss or stay pursuant to the parties' arbitration agreement. (Doc. 3). Potapowicz has not responded to the motion. For the reasons that follow, the motion will be granted, and this matter will be stayed pending arbitration.

Under the Federal Arbitration Act ("FAA"), claims of the type asserted here are subject to mandatory arbitration where (1) a valid agreement to arbitrate exists,

(2) the claims fall within the scope of that agreement, and (3) the underlying contract evidences a transaction involving interstate commerce.  *See* 9 U.S.C. § 2;[1] *King v. Cintas Corp.*, 920 F. Supp. 2d 1263, 1267 (N.D. Ala. 2013); *Maddox v. USA Healthcare-Adams, LLC*, 350 F. Supp. 2d 968, 972 (M.D. Ala. 2004).  "To resolve [the first two] questions, courts apply state-law principles relating to ordinary contract formation and interpretation, construed through the lens of the federal policy favoring arbitration."  *King*, 920 F. Supp. 2d at 1267.

The undersigned finds the signed arbitration agreement in question is valid and binding under Alabama law.  *See Ex parte McNaughton*, 728 So. 2d 592, 595-96 (Ala. 1998) (holding signed acknowledgement form indicated parties agreed to be bound by arbitration policy, and employer's provision of at-will employment to employee constituted sufficient consideration in exchange for employee's agreement to arbitrate employment disputes under arbitration policy) (citing *Kelly v. UHC Mgmt. Co.*, 967 F. Supp. 1240 (N.D. Ala. 1997)).  The undersigned further finds all of Potapowicz's claims fall within the scope of the arbitration agreement, which applies to:

---

[1] Section 2 of the FAA provides:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

claims for breach of contract (express or implied); . . . tort claims; all matters directly or indirectly related to [Potapowicz's] recruitment, employment or termination of employment by Certified Services, LLC/Gregerson Management Services/Personnel Stafffing, Inc./ Chyna, Inc., including but not limited to: . . . claims under federal or state law involving discrimination, whether based on race, sex, religion, national origin, [or] age . . . (this would include, for example, claims brought under Title VII of the Civil Rights Act of 1964 . . . and/or the Age Discrimination in Employment Act).

(Doc. 3-1 at 3-4).

Finally, the undersigned finds the existence of a nexus to interstate commerce. The defendant entities operated business locations throughout multiple states. (Doc. 3-1 at 1-2).[2] Potapowicz frequently travelled to the defendants' various locations. (Doc. 1 at 4).[3] As explained by a court in the Middle District of Alabama:

[I]f an organization engages in business across state lines, has any portion of its assets generated as a result of any activity across state lines, or engages in any business that may be regulated by the Congress pursuant to powers granted in the *Commerce Clause*, then FAA jurisdiction is the appropriate mechanism for settling a dispute where a valid arbitration agreement has been executed.

---

[2] The affidavit of Mike Purkey, the VP/CFO of the business entity defendants, states:

Personnel Staffing, Inc., along with the management services of Gregerson Management Services and, prior to its dissolution, the services of Certified Services, LLC for payroll, operates 12 branches, located throughout Alabama, Tennessee, Georgia and Texas, and has provided staffing services in more than 15 states in a variety of industries.

(Doc. 3-1 at 1-2).

[3] The Complaint alleges "Plaintiff resided in [Alabama], but he frequently traveled to the many locations of PSI's customers. Plaintiff generally logged over 20,000 miles annually and was away from his family 60% of the time." (Doc. 1 at 4).

*Maddox*, 350 F. Supp. 2d at 973-74.  Accordingly, Potapowicz's claims are subject to the arbitration provision, and the defendants' motion is due to be granted to the extent it seeks an order compelling arbitration.

The FAA provides that, where a dispute is subject to an arbitration provision, the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement."  9 U.S.C.A. § 3.  Accordingly, this matter will be stayed pending arbitration.  *See Bender v. A.G. Edwards & Sons, Inc.*, 971 F.2d 698, 699 (11th Cir. 1992) (remanding with instructions to stay claims pending arbitration, rather than dismiss).  Additionally, the pending motion to stay the requirements under Rule 26 of the *Federal Rules of Civil Procedure* is **GRANTED**.  (Doc. 10).

For the foregoing reasons, the defendants' motion to compel (Doc. 3) is **GRANTED**, and this action is **STAYED** and referred to arbitration.  The parties are **ORDERED** to report the status of the arbitration by February 12, 2018, or when an arbitration hearing is set, whichever is earlier.

**DONE** this 11th day of August, 2017.

<br>

_Staci G. Cornelius_
STACI  G. CORNELIUS
U.S. MAGISTRATE JUDGE